(No. 41005.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
WAYNE J. TAMMEN, Appellant.

*Opinion filed May 29, 1968.*

NIVEN & CLAY, of Pontiac, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

In a bench trial before a magistrate of the circuit court of Livingston County, defendant, Wayne J. Tammen, was found guilty of the offense of drag racing and was given a suspended sentence of seven days in the county jail and ordered to pay costs of the proceeding. He alleges violations of his constitutional rights on appeal.

Defendant was charged on an "Illinois Uniform Traffic Ticket and Complaint" in the form referred to in the Rule of this court then in effect which related to procedures in traffic and certain other misdemeanor cases, the substance of which is contained in our present Rule 552. (Ill. Rev. Stat. 1967, chap. 110A, par. 552.) The complaint charged that defendant committed the offense of "drag racing" in violation of section 48 of the Uniform Act Regulating Traffic on Highways (U.A.R.T.), however, section 48 of that Act deals with reckless driving while section 48.1 defines drag racing. Ill. Rev. Stat. 1967, chap. 95½, pars. 145, 145.1.

Defendant argues that the complaint upon which he was tried and convicted violated his constitutional right to be informed of the nature and cause of the accusation. He also asserts the complaint failed to meet the requirements of section 111—3 of the Code of Criminal Procedure of 1963. Ill. Rev. Stat. 1967, chap. 38, par. 111—3.

The constitutional right of a defendant to know the nature and cause of the accusation means that the offense charged be set forth with all necessary certainty so that defendant will be able to intelligently prepare his defense and to prevent his being tried a second time for the same

offense after being once put in jeopardy. (*People* v. *Griffin*, 36 Ill.2d 430; *People* v. *Peters,* 10 Ill.2d 577.) The modern trend is to do away with technicalities of pleading and stress simplicity which does not detract from clarity in order that the accused will understand the charge against him. With this purpose in mind, the Illinois legislature enacted section 111—3 of the Code of Criminal Procedure which provides:

"(a) A charge shall be in writing and allege the commission of an offense by:
   (1) Stating the name of the offense;
   (2) Citing the statutory provision alleged to have been violated;
   (3) Setting forth the nature and elements of the offense charged;
   (4) Stating the date and county of the offense as definitely as can be done; and
   (5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty."

An accusation following this form will satisfy the constitutional requirement of informing the accused of the nature and cause of the accusation.

The traffic ticket issued to defendant was in writing and did allege the commission of an offense by naming the offense, citing a statutory provision, stating the time and place of the offense with certainty and stating the name of the accused. The ticket which was issued was in the form of the "Illinois Uniform Traffic Ticket and Complaint" and does not set forth the nature and elements of the offense of "drag racing." Since the Uniform Traffic Ticket provides no space for setting forth the nature and elements of the offense charged, the common practice is to merely charge the offense by name and citation.

Inasmuch as the Uniform Traffic Ticket is only used

for misdemeanors, is written by an arresting officer rather than a State's Attorney and is generally written at the time the offense is committed, we believe that naming the offense and citing it is sufficient and will generally be understood by the person charged. Under section 111—6 (Ill. Rev. Stat. 1967, chap. 38, par. 111—6) the accused may request a bill of particulars which will enable him "to prepare his defense." We hold that a conviction based on a Uniform Traffic Ticket naming an offense and citing the statutory provision, where there is no objection to the sufficiency of the ticket or request for a bill of particulars, will not be set aside for failure to comply with section 111—3(3).

In this case the ticket issued charged "drag racing" in violation of the U.A.R.T., but the section cited was 48 rather than 48.1. We feel, however, that this erroneous citation could not have been misleading to the defendant because he was furnished, without request, with a bill of particulars stating in detail the facts leading to the issuance of the ticket.

Defendant's constitutional rights were adequately protected and, therefore, the judgment of the circuit court of Livingston County is affirmed.

*Judgment affirmed.*