THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
KELLY STERGAR, Defendant-Appellant.

Second District   No. 79-6

Opinion filed October 24, 1979.

Jack Hansel, of Student's Legal Assistance Office of Northern Illinois University, of De Kalb, for appellant.

T. Jordan Gallagher, State's Attorney, of Sycamore (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:
Defendant Kelly Stergar appeals from an order denying her petition,

brought under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), to vacate a plea of guilty to a traffic offense.

On October 28, 1977, defendant was issued a Uniform Traffic Citation and Complaint charging her with having "Left Scene of Property Damage Acc." in violation of section 11—404 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—404). She was permitted to enter a plea of guilty by mail and judgment was entered on November 16, 1977. No appeal or post-trial motions were thereafter filed by her until October 6, 1978, when defendant filed this petition to vacate the conviction under section 72. The petition alleged that the ticket failed to charge an offense; that defendant had intended to make a report of the accident at the nearest law enforcement agency but was contacted by the police before she could do so; and that she did not know or discover until September 14, 1978, that her actions in merely leaving the scene of the accident were not necessarily in violation of section 11—404.

■■■ In order to establish a right to relief under section 72 a defendant must show the existence of a meritorious defense and the exercise of diligence in both presenting that defense and seeking to vacate the judgment. (*Hogan & Farwell, Inc. v. Meitz* (1976), 45 Ill. App. 3d 216, 359 N.E.2d 740.) This entails a showing that his failure to defend was a result of excusable mistake and that under the circumstances he acted reasonably, and not negligently. (*Westphall v. Trailers, Campers, Campgrounds, Inc.* (1979), 76 Ill. App. 3d 205, 392 N.E.2d 741.) As defendant failed to make an adequate showing of any of the foregoing prerequisites, we affirm the order of the trial court.

Defendant is charged with violating a section of the Illinois Vehicle Code entitled "Duty upon damaging unattended vehicle or other property," which provides as follows:

"The driver of any vehicle which collides with or is involved in an accident with any vehicle which is unattended, or other property, resulting in any damage to such other vehicle or property shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle or other property of his name, address and the registration number of the vehicle he is driving or shall attach securely in a conspicuous place on or in the vehicle or other property struck a written notice giving his name, address and the registration number of the vehicle he is driving and shall without unnecessary delay notify the nearest office of a duly authorized police authority and shall make a report of such accident when and as required in Section 11—406 of this Chapter. Every such stop shall be made without obstructing traffic more than is necessary.

Any person failing to comply with this Section shall be guilty of a

Class A misdemeanor." Ill. Rev. Stat. 1977, ch. 95½, par. 11—404.

Defendant argues, in essence, that merely leaving the scene of a property damage accident is not in itself a violation of section 11—404 or any other section of the Vehicle Code, and that the charge in the instant case does not meet the requirements of *People v. Tammen* (1968), 40 Ill. 2d 76, 237 N.E.2d 517. In *Tammen* our supreme court restated the settled rule that

> "[t]he constitutional right of a defendant to know the nature and cause of the accusation means that the offense charged be set forth with all necessary certainty so that defendant will be able to intelligently prepare his defense and to prevent his being tried a second time for the same offense after being once put in jeopardy." (40 Ill. 2d 76, 77-78, 237 N.E.2d 517, 518.)

Defendant contends that "Left Scene of Property Damage Acc." inaccurately and misleadingly capsulizes section 11—404, in violation of her constitutional right and section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—3).

We find no merit in the defense here alleged. The applicable test is that set forth in *Tammen* and *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, and it is satisfied in uniform traffic ticket cases so long as the offense is identified on the ticket by name and statutory citation (*People v. Tammen*; *People v. Ryant* (1976), 41 Ill. App. 3d 273, 354 N.E.2d 395), although citation of the statute alone is insufficient to satisfy due process. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 338, 335 N.E.2d 436, 439.) In *Gilmore* our supreme court stated:

> "While we do not approve, and indeed find it difficult to understand, failure to strictly comply with the explicitly stated requirements of section 111—3(a) of the Code of Criminal Procedure, the sufficiency of an information or indictment attacked for the first time on appeal is not to be determined by whether its form follows precisely the provisions of the statute." 63 Ill. 2d 23, 29, 344 N.E.2d 456, 460.

■■ We find the ticket in this case sufficiently complied with the requirements of *Tammen* and *Gilmore*. This is not a case, as was *Tammen*, wherein the ticket issued cited the wrong statutory provision alleged to have been violated; neither did this ticket cite a statute phrased in the disjunctive, which would have necessitated greater specificity in naming the alleged offense (see, *e.g.*, *People v. Johnson* (1974), 16 Ill. App. 3d 819, 307 N.E.2d 159). As defendant could have requested a bill of particulars under section 111—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—6), but neglected to do so, and initially made no objection to the sufficiency of the ticket, we will not now

set aside her conviction for failure to comply with section 111—3(a)(1) and (3). See *Tammen*, 40 Ill. 2d 76, 79, 237 N.E.2d 517, 519.

Defendant's claimed intent to report the collision to the nearest law enforcement agency without unreasonable delay is not a meritorious defense to the charge in this case. Section 11—404 imposed on her the added obligation to stop immediately upon colliding and then and there locate and notify the owner or operator of the damaged vehicle or leave her name and address attached to that vehicle. As defendant did neither, her alleged intent to report the collision to the police is an inadequate defense.

■ Furthermore, it is apparent defendant failed to exercise due diligence in presenting a defense. Relief under section 72 will not be granted merely because a defendant was untrained in the law and failed to seek counsel before entering her guilty plea. (See *Hogan & Farwell, Inc. v. Meitz* (1976), 45 Ill. App. 3d 216, 359 N.E.2d 740.) Defendant has not demonstrated that her failure to consult with counsel was the result of a reasonable mistake; thus her reliance on nothing more than her own evaluation of her legal rights was inexcusable negligence. *Johnson-Olson Floor Coverings, Inc. v. Branthaver* (1968), 94 Ill. App. 2d 394, 236 N.E.2d 903.

For the foregoing reasons, the order of the Circuit Court of De Kalb County is affirmed.

Affirmed.

GUILD, P. J., and WOODWARD, J., concur.