THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANDREW M. DOMOVICH, Defendant-Appellant.

Second District    No. 79-760

Opinion filed December 22, 1980.

Daniel A. Mengeling, of Woodstock, for appellant.

Theodore J. Floro, State's Attorney, of Woodstock (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Andrew Domovich, appeals his conviction of leaving the scene of an accident involving personal injuries in violation of section 11—401(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—401(a)).

On July 2, 1979, defendant, while westbound on Interstate highway 90 (I-90) in McHenry County, evaded a toll booth located at Lane 10 of Plaza 7. As he drove through the toll booth area, he struck and injured the toll booth operator. Defendant failed to stop after hitting the booth operator. On July 12, 1979, defendant was charged with toll evasion and leaving the scene of an accident. Defendant was given a Uniform Traffic Citation and Complaint which alleged, in substance, that on July 2, 1979, at 6:05 p.m. in McHenry County, Illinois, Andrew Domovich was operating a 1972 Oldsmobile, with registration No. MP9292, westbound on I-90 at Lane 10 of Plaza 7 when he unlawfully committed the offense of "Leaving the Scene-Accident-Injury" in violation of section 11—401(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—401(a)).

On October 16, 1979, defendant was tried without a jury. At the trial, the arresting officer testified that after advising defendant of his *Miranda* rights, he asked defendant if he wanted to tell him what happened. The defendant responded that he was worried about the pedestrian, that he was in a hurry because he was late for an engagement, that he did not have money for the toll and that he did not see the toll taker until after he had hit him.

At the close of the evidence, defendant made a motion for a directed finding on the ground that the complaint did not charge an offense. Defendant filed a supporting memorandum alleging that the Uniform Traffic Citation and Complaint was constitutionally deficient in that it failed to enumerate any of the elements of the crime of leaving the scene of an accident, and specifically the element of knowledge that a pedestrian was hit. The trial court denied the motion and found the defendant

guilty. Defendant filed a motion in arrest of judgment which was also denied.

On appeal, defendant asserts that the court erred in refusing to grant his motion for a directed finding and his motion in arrest of judgment because the Uniform Traffic Citation and Complaint did not allege the nature and elements of the offense as required by article I, section 8, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §8) and section 111—3(a)(3) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—3(a)(3)).

Section 111—3(a) of the Code of Criminal Procedure provides:

"A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty." (Ill. Rev. Stat. 1977, ch. 38, par. 111—3(a).)

The pertinent part of article I, section 8, of the Illinois Constitution of 1970 provides: "In criminal prosecutions, the accused shall have the right * * * to demand the nature and cause of the accusation and have a copy thereof * * *." Ill. Const. 1970, art. I, §8.

These same constitutional and statutory contentions were raised in *People v. Tammen* (1968), 40 Ill. 2d 76, and decided adversely to the defendant. In *Tammen*, the supreme court held that a misdemeanor conviction based on a Uniform Traffic Ticket naming an offense and citing the statutory provision, where there was no objection to the sufficiency of the ticket or request for a bill of particulars, would not be set aside for failure to comply with section 111—3(a)(3) of the Code of Criminal Procedure and did not violate the defendant's constitutional right to be informed of the nature and cause of the accusation. *People v. Tammen* (1968), 40 Ill. 2d 76, 78-79.

In reaching the above holding, our supreme court reasoned that, since the Uniform Traffic Ticket is used only for charging misdemeanors, the naming of the offense and the statutory citation were sufficient and would be generally understood by the person charged. The supreme court pointed out that the accused may request a bill of particulars, under section 111—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—6), which would enable him to prepare his defense. *People v. Tammen* (1968), 40 Ill. 2d 76, 78-79.

Implicit in the supreme court's ruling in *People v. Tammen* is the determination that, since section 111—6 of the Code of Criminal Procedure provides the accused with the ability to request a bill of particulars which will enable him to prepare his defense, his constitutional right to demand the nature and cause of the accusation, as well as his statutory right to be apprised of the nature and elements of the offense charged, have been adequately protected and further that in this narrow class of traffic cases these rights must be exercised prior to trial.

The defendant contends that the holding in *People v. Tammen* is limited to those cases where the issue is raised for the first time on appeal and was not intended to be applied where the sufficiency of the complaint is challenged at the trial court level. Most of the cases cited by the defendant in support of his position are distinguishable since they dealt with felony charges brought by indictment or information. Further, we believe the supreme court in *People v. Tammen* viewed Uniform Traffic Ticket cases as *sui generis* and accordingly limited its holding to such cases.

Support is ostensibly given to the defendant's position in the case of *People v. Chitwood* (1976), 42 Ill. App. 3d 680. As in the present case, *Chitwood* involved a Uniform Traffic Ticket Complaint charging a misdemeanor offense by name and statutory citation only. The insufficiency of the complaint was attacked for the first time on appeal. In *dictum* the court stated that if the defendant had raised the defect in the trial court, reversal of his conviction would be required, citing *People v. Walker* (1974), 20 Ill. App. 3d 1029, as authority. (42 Ill. App. 3d 680, 682.) A reading of the opinion in *People v. Walker*, however, discloses that the defendant had attacked the sufficiency of the complaint for failure to inform the defendant adequately of the nature and elements of the offense charged in violation of section 111—3(a)(3) of the Code of Criminal Procedure *prior to trial* as well as subsequent to trial. By challenging the complaint prior to trial, the defendant did comply with what we perceive to be the requirements of *People v. Tammen*. Furthermore, as was pointed out in *People v. Ryant* (1976), 41 Ill. App. 3d 273, 275, the *Walker* court made no mention of *People v. Tammen*. While the court in *Chitwood* seemingly limited the application of the holding in *People v. Tammen* to situations where the conviction on a Uniform Traffic Ticket was attacked for the first time on appeal, we find no language in *People v. Tammen* which would indicate that the supreme court intended to so limit its ruling.

Nor have we so limited its application. In *People v. Stergar* (1979), 77 Ill. App. 3d 660, we applied the test set forth in *People v. Tammen* and upheld the validity of a Uniform Traffic Ticket Complaint against the same statutory and constitutional challenges made here, where the

offense was identified on the ticket only by name and statutory citation and the challenge to the sufficiency of the complaint was made at the trial court level but subsequent to trial.

Since the defendant failed to file a bill of particulars or protest the sufficiency of the traffic ticket complaint in a pretrial motion, such traffic citation and complaint must be considered sufficient. (*People v. Tammen* (1968), 40 Ill. 2d 76.) Any other procedure would hamper the efficient processing of the traffic ticket complaints.

Accordingly, the judgment of the Circuit Court of the Nineteenth Judicial Circuit, McHenry County, is affirmed.

Affirmed.

UNVERZAGT and NASH, JJ., concur.