THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID UTT, Defendant-Appellant.

Third District   Nos. 82—0710, 82—0691 cons.

Opinion filed November 16, 1983.—Rehearing denied April 6, 1984.

Robert Agostinelli and Gary Hicks, both of State Appellate Defender's Office, of Ottawa, for appellant.

Joan C. Scott, State's Attorney, of Lewistown (John X. Breslin and Patricia Hartmann, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

On September 29, 1982, David Utt was convicted of driving while under the influence, possession of a controlled substance, resisting a police officer and improper lane usage as the result of an incident of April 24, 1982. He was sentenced to concurrent prison terms of 364 days, two years and six months for driving under the influence, pos-

session of a controlled substance and resisting a police officer, respectively; and ordered to pay a fine and court costs totalling $50 for improper lane usage. (Cause No. 82—691.) In addition, the defendant's court supervision, which had been imposed for a March 3, 1982, driving under the influence of alcohol offense, was revoked and another 364-day prison sentence was imposed to run concurrent to the prison sentences imposed for the instant offenses. (Cause No. 82—710.) The defendant appeals from the instant conviction for driving under the influence, arguing that the complaint was insufficient and that the trial court erred in instructing the jury. The defendant further contends that if his conviction for the more recent driving under the influence charge is reversed, then he is entitled to a remand for a new sentencing hearing on the remaining convictions and a new hearing on the State's petition to revoke his supervision on the prior charge.

The facts of the case are not disputed. At approximately 3 a.m. on April 24, 1982, the defendant was driving his car west on Route 9 in Fulton County. Fulton County Sheriff's Deputies Donald Hackett and Melvin Soltwisch observed the defendant's car leave its lane of traffic and enter the eastbound lane, return to the westbound lane, and then pull off onto the side of the road. The deputies drove to the defendant's vehicle.

Deputy Hackett walked up to the defendant's car and asked the defendant for his driver's license. The defendant's speech was slurred and he fumbled with his wallet while searching for the license. Hackett detected a strong odor of alcohol on the defendant. Hacket then asked that the defendant walk to the back of the car. The defendant staggered while walking and fell against the car. The defendant could not touch his finger to his nose or walk a straight line heel to toe.

Deputy Hackett wrote two uniform traffic citations charging the defendant with improper lane usage and "driving while under the influence." The defendant was arrested and taken to the Fulton County jail. At approximately 4:05 a.m. the defendant took a breath analysis test which showed the defendant's blood alcohol content to be .13%.

On April 26, 1983, an information was filed charging the defendant with unlawful possession of a controlled substance, and resisting a peace officer in connection with the April 24 incident. Finally, the State filed a petition to revoke supervision and a supplemental petition to revoke supervision alleging that the April 24 offenses violated the conditions of defendant's supervision. The defendant filed a pretrial motion to dismiss the charge of driving under the influence on the grounds that the citation was insufficient to inform him of the charge. The citation cited to chapter 95½, par. 11—501(a) of the Illi-

nois Motor Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a)) and described the offense as "Driving while under the influence" as aforesaid. The defendant's pretrial motion was denied.

At trial, the court gave, over the defendant's objection, two jury instructions offered by the State. Both instructions recited that a person commits the offense of driving under the influence when the alcohol concentration in the blood or breath is .10 or more.

■ The defendant argues as his first issue on appeal that the uniform traffic citation charging him with driving under the influence was insufficient to inform him of the charge against him because it does not specify that he was under the influence of alcohol, drugs or both. The defendant asserts that because the traffic citation failed to allege each element of the offense, the charge must be dismissed. We agree.

The courts of this State have in the past held that the absence of any reference to alcohol or liquor on a traffic citation charging a defendant with driving under the influence renders that charge insufficient. (*People v. Tucker* (1971), 131 Ill. App. 2d 598, 263 N.E.2d 191; *People v. Stringfield* (1962), 37 Ill. App. 2d 344, 185 N.E.2d 381.) The State contends, however, that where the defendant has not demonstrated that he was prejudiced by failure to specify the intoxicating substance, the better rule is that a charge of driving under the influence is stated sufficiently when the traffic citation cites to the appropriate statute and identifies the offense simply as "driving under the influence." Under the State's view, the defendant is thereby placed on notice that he must be prepared to defend against each subsection of the statute.

The offense with which the defendant was charged is codified in section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a)). At the time of his arrest, two statutes had been enacted as section 11—501(a). The defendant concedes that he was charged and tried under section 11—501(a) as amended by Public Act 82—311. Section 11—501(a) as amended by Public Act 82—311 provides:

"Driving while under the influence of alcohol, other drug, or combination thereof.

(a) A person shall not drive or be in actual physical control of any vehicle within this State while:

1. The alcohol concentration in such person's blood or breath is 0.10 or more based on the definition of blood and breath units in Section 11—501.2;

2. Under the influence of alcohol;

3. Under the influence of any other drug or combination of drugs to a degree which renders such person incapable of safely driving; or

4. Under the combined influence of alcohol and any other drug or drugs to a degree which renders such person incapable of safely driving." Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a).

The nature of the offenses set forth in section 11—501(a) are the operation of an automobile while the blood/breath alcohol concentration is .10 or more (par. 11—501(a)(1)); or "under the influence" of alcohol (par. 11—501(a)(2)); or "under the influence" of any other incapacitating substance(s) which render one incapable of driving safely (par. 11—501(a)(3) and (4)). In this case the defendant was charged with both driving under the influence and possessing a controlled substance (amobarbitol). A breathalizer established that his breath alcohol concentration exceeded .10, as aforesaid, and the defendant was informed of the results of the test prior to trial.

█ The defendant does not claim that he was prejudiced by the failure of the complaint to specify the nature of the intoxicating substance which allegedly influenced him, but contends that his pretrial challenge based on sufficiency of a defective charging instrument entitles him *per se* to a dismissal of the charge. (*People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171.) The *Lutz* principle that a challenge to the specificity of a charging instrument made in the trial court does not require a showing of prejudice was recently reaffirmed in *People v. Smith* (1984), 99 Ill. 2d 467. The strict adherence to statutory requirements as stated in *Lutz* requires the dismissal of the traffic charge in this case.

█ Although the State has persuasively argued in this appeal that section 11—501(a) essentially defines a single offense of "driving under the influence," that argument has been recently undermined by the decision of our supreme court in *People v. Ziltz* (1983), 98 Ill. 2d 38, 455 N.E.2d 70. In our opinion, the supreme court's recent pronouncements in *Smith* and *Ziltz* preclude further consideration of the public policy arguments advanced by the State in this appeal. Such arguments may be properly directed to the legislature. (*Smith*.) Under the circumstances, we do not address the defendant's issue respecting jury instructions.

For the foregoing reasons, the defendant's conviction and sentence for driving under the influence are reversed. The record does not indicate that the sentencing court may have been influenced by the reversed conviction in imposing sentences for possession of a con-

trolled substance, resisting a peace officer and improper lane usage. A new sentencing hearing need not be held with respect to those convictions. The State, however, concedes that a new hearing will be required on the petition to revoke court supervision in the event that the more recent driving under the influence of alcohol conviction is reversed. Accordingly, we remand this cause for that purpose.

Affirmed in part; reversed in part; and remanded.

ALLOY and HEIPLE, JJ., concur.