THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRENDA ASKELAND, Defendant-Appellant.

Second District   No. 2—87—0119

Opinion filed February 9, 1988.

J. Brick Van Der Snick, of Bochte & Kuzniar, of St. Charles, for appellant.

Philip L. DiMarzio, State's Attorney, of Sycamore, and Basil G. Greanias, of Decatur (William L. Browers and Lori J. Miller, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant Brenda Askeland was found guilty at a bench trial of driving under the influence of alcohol pursuant to section 11—501(a)(2) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(2)). She was sentenced to 12 months on supervision and ordered to pay a fine of $400 and court costs of $35. The trial court denied defendant's motion in arrest of judgment. Defendant appeals. We affirm.

As the facts of this case are not at issue, we set forth only those facts necessary for an understanding of our disposition. On October 24, 1986, at approximately 1:20 a.m., defendant was stopped and arrested by Sergeant Mayeda of the Sycamore police department. Defendant was charged by uniform traffic ticket and complaint with driving under the influence pursuant to section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)). The

"Law Enforcement Sworn Report," attendant to defendant's statutory summary suspension, indicates that defendant had a moderate odor of alcohol about her, bloodshot eyes, and a flushed face. The report further indicates that she failed a field test and submitted to testing which disclosed an alcohol concentration of .13. The sworn report was dated October 24, 1986, and was served on defendant.

Prior to trial, defendant presented a motion to quash arrest and suppress evidence. Defendant also presented a motion *in limine* to exclude evidence of the alcohol chemical analysis. Both motions recited that defendant was charged with the offense of driving while under the influence *of alcohol.* The motions were heard by agreement at the same time as the bench trial and denied. The agreed bystander's report indicates that defendant was found guilty after the court heard evidence. Upon hearing the decision of the court, defendant immediately made an oral motion for arrest of judgment. Defendant later filed written motions for arrest of judgment, reconsideration, and for judgment notwithstanding the verdict. The court denied defendant's motions, and she was placed on supervision and fined. Defendant then appealed.

■ Defendant contends that the traffic ticket issued by Sergeant Mayeda was fatally insufficient in that it failed to specify the offense for which she was charged. Section 111—3(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 111—3(a)) requires, *inter alia,* that a charge (1) state the name of the offense; (2) cite the statutory provision alleged to have been violated; and (3) set forth the nature and elements of the offense charged. Here, the ticket issued by Sergeant Mayeda charges defendant with *"Driving Under Influence,"* citing section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)). Defendant contends that not only does the language of the ticket fail to allege the "substance" of which defendant was under the influence but further fails to cite the specific subsection of section 11—501(a) under which the State was proceeding. Defendant submits that there are four separate subsections of section 11—501(a), and the State's failure to specify under which theory it was proceeding was fatal to this action. We disagree.

In *People v. Tammen* (1968), 40 Ill. 2d 76, 77, our supreme court addressed the sufficiency of a traffic ticket which purported to charge the defendant with the offense of " 'drag racing,' " yet cited the statutory section prohibiting reckless driving. The defendant in *Tammen,* like defendant in the instant action, argued that the complaint failed to meet the requirements of section 111—3. (40 Ill. 2d at 77.) The court stated:

"Inasmuch as the Uniform Traffic Ticket is only used for misdemeanors, is written by an arresting officer rather than a State's Attorney and is generally written at the time the offense is committed, we believe that naming the offense and citing it is sufficient and will generally be understood by the person charged. Under section 111—6 [citation] the accused may request a bill of particulars which will enable him 'to prepare his defense.' We hold that a conviction based on a Uniform Traffic Ticket naming an offense and citing the statutory provision, *where there is no objection to the sufficiency of the ticket* or request for a bill of particulars, will not be set aside for failure to comply with section 111—3(3)." (Emphasis added.) (40 Ill. 2d at 78-79.)

The court went on to hold that the erroneous statutory citation was not misleading since the defendant was advised of the facts leading to the issuance of the ticket. 40 Ill. 2d at 79.

This court has interpreted *Tammen* as requiring a *pretrial* objection to the sufficiency of a uniform traffic ticket. (*People v. Domovich* (1980), 91 Ill. App. 3d 870, 873; see also *People v. Sikes* (1986), 141 Ill. App. 3d 773, 777.) In *Domovich,* the defendant was charged by a uniform traffic ticket with " 'Leaving the Scene—Accident—Injury' " in violation of section 11—401(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—401(a)). (*Domovich,* 91 Ill. App. 3d at 871.) The defendant moved for a directed finding *at the close of the evidence* on the basis that the complaint failed to charge an offense since it did not enumerate the elements of the crime. (91 Ill. App. 3d at 871.) That motion was denied. (91 Ill. App. 3d at 871.) The defendant subsequently filed a motion in arrest of judgment. That motion was also denied. (91 Ill. App. 3d at 872.) On appeal, this court stated:

"Implicit in the supreme court's ruling in *People v. Tammen* is the determination that, since section 111—6 of the Code of Criminal Procedure provides the accused with the ability to request a bill of particulars which will enable him to prepare his defense, his constitutional right to demand the nature and cause of the accusation, as well as his statutory right to be apprised of the nature and elements of the offense charged, have been adequately protected and further that *in this narrow class of traffic cases these rights must be exercised prior to trial.*" (Emphasis added.) (91 Ill. App. 3d at 873.)

We went on to state:

"Since the defendant failed to file a bill of particulars or protest the sufficiency of the traffic ticket complaint in a *pretrial*

motion, such traffic citation and complaint must be considered sufficient. [Citation.] Any other procedure would hamper the efficient processing of traffic ticket complaints." (Emphasis added.) 91 Ill. App. 3d at 874.

In the instant action, defendant urges this court to reverse her conviction, citing *People v. Utt* (1983), 122 Ill. App. 3d 272. In *Utt*, as in the instant case, the defendant was charged with " 'Driving while under the influence' " pursuant to section 11—501(a). (122 Ill. App. 3d at 273-74.) However, unlike defendant in the instant case, the defendant in *Utt* filed a *pretrial* motion to dismiss the charge on the ground that the ticket was insufficient to inform him of the offense. (122 Ill. App. 3d at 273-74.) Although that motion was denied, the defendant's subsequent conviction was reversed on appeal on the basis that the charging instrument was defective. 122 Ill. App. 3d at 274-75.

We do not believe that *Utt* is dispositive of this appeal. It has been held that where a uniform traffic ticket is involved, an objection to its sufficiency must first be made *before* trial. (See *Tammen*, 40 Ill. 2d at 79; *Sikes*, 141 Ill. App. 3d at 777; *Domovich*, 91 Ill. App. 3d at 873.) The defendant in *Utt* made such a motion. (See *Utt*, 122 Ill. App. 3d at 273-74.) Defendant in the instant case did not. Defendant nonetheless cites *People v. Smith* (1984), 99 Ill. 2d 467, arguing that he need not raise the sufficiency of a charge prior to trial. *Smith* does not control the instant action since that case did not involve the sufficiency of a charge on a traffic ticket, but rather involved an information purporting to charge a felony. (99 Ill. 2d at 469; see also *Sikes*, 141 Ill. App. 3d at 777.) We further note that the *Smith* court omitted any consideration of the *Tammen* decision, rendered 16 years before; thus *Tammen* remains the law. Thus, since defendant failed to raise the sufficiency of the charge prior to trial, the traffic ticket must be considered sufficient to state the charge. See *Domovich*, 91 Ill. App. 3d at 873.

■ Moreover, it is patently clear from the record that defendant in the instant case knew precisely against what charge she was required to defend. The goal of section 111—3 is to ensure that the accused is adequately informed of the nature and cause of the accusation. (See *Tammen*, 40 Ill. 2d at 78.) That court noted that since the defendant had been supplied with a bill of particulars *informing him of the nature of the charge against him,* the technical deficiencies of the citation were not fatal to the action. (40 Ill. 2d at 79.) Similarly, in *People v. Atwell* (1984), 129 Ill. App. 3d 724, 725-26, the court held that a traffic ticket charging the defendant with " 'driving under influence' " was sufficient to *inform the defendant* that he was being

charged with driving under the influence *of alcohol* since the specific subsection of section 11—502(a) was cited. Later, in *People v. Sergey* (1985), 137 Ill. App. 3d 971, 977, this court held that a traffic ticket which did not cite a specific subsection of section 11—501(a), but charged the defendant using the language of subsection (2) with driving under the influence *of alcohol,* was sufficient to *inform the defendant of the charge against him.* While we recognize that the traffic ticket in the instant action neither charged defendant in the language of a subsection nor cited a specific subsection, the common theme of these cases—that defendant was *advised of the charge* against her—is clearly satisfied.

Defendant's motion to quash the arrest and suppress evidence *prior* to trial affirmatively states that defendant was *"charged with the offense of Driving While Under The Influence of Alcohol."* (Emphasis added.) Similarly, defendant's motion *in limine* stated that defendant was *"charged with the offenses of Driving While Under The Influence of Alcohol,* speeding." (Emphasis added.) Defendant nonetheless states that paragraph one of her discovery motion asking for a bill of particulars to the charge was not answered. Defendant did not raise the State's failure to answer her discovery motion in the trial court. In fact, defendant concedes in her reply brief that her discovery motion was partially answered. Defendant has not supplied us with a copy of the State's "partial" answer as part of the record on appeal. However, answered or not, neither paragraph one nor any other part of defendant's motion seeks notice of the specific charge. In any event, it is clear by the language of defendant's other pretrial motions that she knew of the charge, and the court appropriately recognized this when it denied defendant's motion in arrest of judgment.

Accordingly, having found that defendant failed to raise her objection to the charge prior to trial and was not prejudiced by the form of the charge, we affirm the decision of the circuit court of De Kalb County.

Affirmed.

LINDBERG, P.J., and NASH, J., concur.