THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBERT SCHULTZ, Defendant-Appellant.

First District (4th Division) No. 87—0133

Opinion filed August 4, 1988.—Rehearing denied August 4, 1988.

Daniel J. Stohr, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Lynda Peters and Paul W. Groah, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

Following a bench trial, defendant Albert Schultz was convicted of leaving the scene of a motor vehicle accident involving personal injury without identifying himself to the other driver. (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—401, 11—403.) He was fined $180 and his driver's license was revoked. On appeal, defendant presents two questions: (1) whether a challenge to the sufficiency of a charging instrument based upon its failure to allege the element of knowledge must be sustained when the challenge is raised for the first time in a timely motion in arrest of judgment; and (2) whether the proof supports his conviction. We affirm.

BACKGROUND

At trial, the evidence established the following. On May 18, 1986, the pickup truck driven by defendant collided with a car driven by Susan Koenig at the intersection of Lowell Street and Irving Park Road in Chicago. Koenig got out of her car. Initially both defendant and his

wife got out of their truck. Koenig asked defendant to stay at the scene, but almost immediately he got back into the truck and left the scene without identifying himself.

Defendant's wife testified that she advised Koenig of her name and address, and a waitress at a nearby bar testified that she overheard this identification. Koenig, however, denied that either defendant or his wife gave "any indication whatsoever to identify themselves." The trial court found defendant guilty, entered a conviction on the verdict, and imposed a penalty upon defendant as stated above. Defendant filed a timely motion for a new trial. One month later, and outside of the time limitation set forth in section 116—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 116—2), defendant filed a supplemental motion for a new trial "AND/OR" in arrest of judgment. The trial court denied defendant's motion and this appeal followed.

OPINION

I

Defendant argues his conviction must be reversed because the trial court erred in denying his motion in arrest of judgment. Defendant's motion in arrest of judgment alleged that the charging instrument, a verified uniform traffic ticket, omitted an allegation of the requisite mental state.

■ Initially the State contends that defendant waived the complaint's insufficiency by failing to file his motion in arrest of judgment in a timely fashion. (See Ill. Rev. Stat. 1987, ch. 38, par. 116—2.) A timely motion for a new trial serves the important function of preserving the trial court's jurisdiction over the allegations of error. (See *People v. Crete* (1985), 133 Ill. App. 3d 24, 32, 478 N.E.2d 846.) The time limitation imposed on motions in arrest of judgment under section 116—2 is mandatory rather than directory. (See *People v. Talach* (1983), 114 Ill. App. 3d 813, 818, 448 N.E.2d 638.) Failure to comply with mandatory prescriptions regarding the filing of post-trial motions has not resulted in waiver, however, where the State has failed to object or demand compliance. For example, the Illinois Supreme Court has consistently held that absent a State objection, an oral motion for a new trial will suffice despite a mandatory statutory provision requiring that the motion be in writing. (*E.g., People v. Yates* (1983), 98 Ill. 2d 502, 512, 456 N.E.2d 1369, *cert. denied* (1984), 466 U.S. 981, 80 L. Ed. 2d 836, 104 S. Ct. 2364; *People v. Pearson* (1981), 88 Ill. 2d 210, 217, 430 N.E.2d 990.) This court, in *People v. Ellison* (1984), 123 Ill.

App. 3d 615, 463 N.E.2d 175, held that a defendant's challenge to the complaint's sufficiency, although more properly made in a motion in arrest of judgment, was preserved by an amendment to a motion for a new trial where the State failed to object. *Ellison* noted that the appellate court has treated these motions interchangeably, construing a challenge to a complaint contained in a motion for a new trial as a motion in arrest of judgment. 123 Ill. App. 3d at 622, citing *People v. Pettus* (1980), 84 Ill. App. 3d 390, 392, 405 N.E.2d 489.

■ Here, defendant filed a timely motion for a new trial. The motion for new trial declares that it "is a *pro forma* motion brought pending [his newly hired appellate counsel's] review of the transcript and proceedings in this cause." The motion for new trial, filed near the end of the limitation period, explicitly stated defendant's intent to later supplement this motion. The State voiced no objection. Subsequently, after the expiration of the limitation period, defendant filed a motion denominated "SUPPLEMENTAL MOTION FOR A NEW TRIAL AND/OR IN ARREST OF JUDGMENT." The motion asserted, *inter alia*, that the "complaint fails to charge an offense in that it fails to allege the requisite state of mind, to wit, knowledge." Again, the State did not object or move to strike the pleading. The trial court considered and ruled on the motion without any response being filed on behalf of the State.

We disagree with the State's contention that defendant waived his objection to the complaint's sufficiency because his motion in arrest of judgment was not filed timely. Defendant's initial timely filed motion for a new trial preserved the trial court's jurisdiction over any allegations of error. Defendant's timely filed motion for a new trial also made clear his intent to supplement that motion. At the time of the filing of defendant's motion for a new trial, the State could have objected to the filing of any supplemental post-trial motion, whereupon defendant might have filed a motion in arrest of judgment before the expiration of the time limitation. Even if we assume that the supplemental motion was an untimely motion in arrest of judgment, in light of the circumstances of this case, and consistent with the holding of the supreme court in *People v. Yates* (1983), 98 Ill. 2d 502, 456 N.E.2d 1369, we conclude that defendant did not waive his objection to the sufficiency of the complaint. We also note that in a similar situation, the court treated the motion for a new trial as interchangeable with a motion in arrest of judgment. (See *People v. Ellison* (1984), 123 Ill. App. 3d 615, 463 N.E.2d 175.) If we regard the motion for new trial and the motion in arrest of judgment as interchangeable, it is permissible to construe defendant's supplemental motion as an

amendment to his timely motion for a new trial rather than as an untimely motion in arrest of judgment. We hold that in the absence of objection by the State to defendant's post-trial motions, defendant's supplemental motion preserved his challenge to the complaint's sufficiency.

■■ Having found that the objection to the complaint was preserved for review, we consider defendant's argument that the complaint's failure to allege the requisite mental state warrants a reversal of his conviction. "An accused is constitutionally entitled to notice of the 'nature and cause of the accusation' against him." (*People v. Ryan* (1987), 117 Ill. 2d 28, 37, 509 N.E.2d 1001, 1004, *cert. denied* (1987), ____ U.S. ____, 98 L. Ed. 2d 138, 108 S. Ct. 186, citing U.S. Const., amend. VI; Ill. Const. 1970, art. I, §8.) In addition to alleging the specifics of the occurrence, the charging instrument should set out "the nature and elements" of the crime. (*People v. Ryan*, 117 Ill. 2d at 37, 509 N.E.2d at 1004; accord *People v. Smith* (1984), 99 Ill. 2d 467, 471, 459 N.E.2d 1357; *People v. Brown* (1987), 157 Ill. App. 3d 61, 64, 510 N.E.2d 71; Ill. Rev. Stat. 1987, ch. 38, par. 111—3.) To prove a violation of section 11—401 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—401), one of the elements of the offense that must be shown by the State is that the accused had knowledge that the vehicle he was driving was involved in a collision. *People v. Nunn* (1979), 77 Ill. 2d 243, 252, 396 N.E.2d 27; *People v. Martinez* (1983), 120 Ill. App. 3d 305, 311, 458 N.E.2d 104; see also Ill. Rev. Stat. 1987, ch. 38, par. 4—3.

■ Ordinarily, the failure to allege the requisite mental state fatally flaws a criminal prosecution. (See *People v. Latham* (1973), 13 Ill. App. 3d 371, 373, 299 N.E.2d 808.) However, absent a pretrial request for a bill of particulars or a pretrial objection to the sufficiency of a uniform traffic ticket, the ticket "must be considered sufficient." (*People v. Domovich* (1980), 91 Ill. App. 3d 870, 874, 414 N.E.2d 290, 292, citing *People v. Tammen* (1968), 40 Ill. 2d 76, 237 N.E.2d 517; accord *People v. Askeland* (1988), 166 Ill. App. 3d 78, 80, 519 N.E.2d 494; *People v. Sikes* (1986), 141 Ill. App. 3d 773, 776, 491 N.E.2d 168.) Under the principles of *People v. Tammen* (1968), 40 Ill. 2d 76, 737 N.E.2d 517, uniform traffic tickets cases are *"sui generis."* (*People v. Domovich* (1980), 91 Ill. App. 3d 870, 873, 414 N.E.2d 290, 291.) The Illinois Supreme Court stated in *Tammen* that inasmuch "as the Uniform Traffic Ticket is only used for misdemeanors, is written by an arresting officer rather than a State's Attorney and is generally written at the time the offense is committed, we believe that naming the offense and citing it is sufficient and will generally be understood

by the person charged." (*People v. Tammen* (1968), 40 Ill. 2d 76, 79, 237 N.E.2d 517; see also *People v. Pankey* (1983), 94 Ill. 2d 12, 17, 445 N.E.2d 284.) In light of the considerations outlined in *Tammen*, the appellate court has held that "[b]ecause of the informality permitted of uniform traffic tickets drafted by police officers, any insufficiency in the ticket [is not] reached by a motion in arrest of judgment and does not require [the court] set aside defendant's conviction." *People v. Sikes* (1986), 141 Ill. App. 3d 773, 777, 491 N.E.2d 168, 172.

■ Defendant here was charged by means of a verified uniform traffic ticket complaint that named the defendant as the offender, stated the time and location of the offense, named the complaining witness, and cited section 11–401 of the Code. The complaint states that May 18, 1986, at 7:30 p.m. defendant, while driving a Ford truck north on Lowell Street at Irving Park Road, violated section 11–401(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11–401) by his "FAILURE TO STOP, TENDER AID TO PERSONS INJURED (KILLED) AND PROPERLY IDENTIFY HIMSELF, BUT DID INSTEAD LEAVE THE SCENE OF THE ACCIDENT." The "Complaint" was subscribed and sworn to by the arresting officer before the clerk of the circuit court. Defendant did not contest the sufficiency of the complaint before or during trial.

Based on these facts we conclude that the traffic ticket issued to defendant is sufficient to survive defendant's constitutional challenge. *Tammen* reasoned that the abbreviated pleading provided for in the uniform traffic ticket was permissible because of the misdemeanor nature of the offense. Moreover, *Tammen* pointed out that even an abbreviated description of a traffic offense would be "generally" understood and therefore sufficiently apprise defendant of the precise offense with which he was being charged. Accordingly, *Tammen* permits in the pleading of traffic tickets a special leeway not allowed in the pleading of more serious offenses. Applying these principles to the instant case, we determine that the instant complaint was sufficiently specific for it to be generally understood. The same policy considerations regarding the enforcement of traffic laws that were relevant in *Tammen* apply here. We follow *Domovich, Sikes* and *Askeland* in holding that any insufficiency of the uniform traffic ticket cannot be reached on a motion in arrest of judgment. We also observe that the ticket supplied enough particular details to enable defendant to prepare his defense. Moreover, an acquittal would act as a bar on further prosecutions arising from the same occurrence, thus satisfying the standard of *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, applicable to untimely challenges to indictments or informations

charging felonies. Thus, whether the *Tammen* or *Gilmore* standard is applied, the ticket adequately apprised defendant of the specific charge against him.

*People v. Martinez* (1983), 120 Ill. App. 3d 305, 311, 458 N.E.2d 104, supports our conclusion. In *Martinez*, the court addressed a similar argument to the one raised in the case at bar. A verified uniform traffic ticket charged Martinez with "Leaving the scene of the accident-Personal Injury." The complaint cited section 11—401 of the Code, stated the time, date, and place of the offense, and named Martinez as the offender. Martinez argued that the failure of the complaint to particularize the injury impaired his ability to prepare his defense, as the existence of a personal injury is an essential element of the offense. The *Martinez* court found that the complaint "adequately apprised defendant of the precise offense with which he was charged in accordance with section 111—3(a) of the Code of Procedure." 120 Ill. App. 3d at 311-12, 458 N.E.2d at 110, citing Ill. Rev. Stat. 1981, ch. 38, par. 111—3.

Defendant relies on *People v. Walker* (1974), 20 Ill. App. 3d 1029, 314 N.E.2d 641, *People v. Roberts* (1983), 113 Ill. App. 3d 1046, 448 N.E.2d 185, and *People v. Chitwood* (1976), 42 Ill. App. 3d 680, 356 N.E.2d 592, *rev'd on other grounds* (1977), 67 Ill. 2d 443, 367 N.E.2d 1331. The defendants in these cases were charged with reckless driving. This suffices to distinguish those decisions from cases involving section 11—401, such as the case at bar. (See *People v. Martinez* (1983), 120 Ill. App. 3d 305, 311, 458 N.E.2d 104.) *Martinez* concluded that reckless driving cases were distinguishable because the statute proscribing reckless driving is "phrased in more general terms, and require[s] specificity beyond the statutory language," whereas the statute violated in the case at bar, "section 11—401(a) of the Vehicle Code, is neither general, nor proscriptive of disparate actions." *People v. Martinez* (1983), 120 Ill. App. 3d 305, 311, 458 N.E.2d 104, 110.

In addition to finding *Walker, Roberts,* and *Chitwood* distinguishable from the instant case because of the relative generality or vagueness in charging a defendant with a reckless driving offense as contrasted with charging a defendant with leaving the scene of an accident, we also note that none of these cases considered whether an insufficiency in the complaint may be reached by a motion in arrest of judgment. In *Chitwood*, the court determined that the uniform traffic ticket was sufficient, but reversed the conviction on other grounds. The defendants in *Roberts* and *Walker* objected to the complaint's sufficiency either before trial or at the close of the State's case; neither

case involved a motion in arrest of judgment or a post-trial motion protesting the insufficiency of the pleading. Therefore, we find that *Roberts, Walker,* and *Chitwood* are factually distinguishable and inapplicable to the case at bar.

Defendant also argues that the complaint cannot be accorded the leeway allowed traffic tickets because the police officer issued defendant a verified traffic ticket, that is, a ticket which was subscribed and sworn to by the officer. Defendant contends, therefore, that the ticket must give notice of all the elements of the charge, citing *People v. Smith* (1984), 99 Ill. 2d 467, 471, 459 N.E.2d 357, *People v. Gilmore* (1976), 63 Ill. 2d 23, 29, 344 N.E.2d 456, and *People v. Pujoue* (1975), 61 Ill. 2d 335, 338, 335 N.E.2d 437.

*Smith, Gilmore,* and *Pujoue* did not involve misdemeanor traffic tickets, but rather defective informations or indictments charging felonies. We find defendant's reliance on *Smith, Gilmore,* and *Pujoue* is misplaced. We also note that in *People v. Martinez* (1983), 120 Ill. App. 3d 305, 458 N.E.2d 104, the court applied the *Tammen* standard to a verified traffic ticket. Notwithstanding the verification, we conclude that the reasons the *Tammen* court relaxed the pleading requirements apply similarly to the case at bar: the inexperience of the pleader, the misdemeanor nature of the charge, and the extraordinary circumstances of charging a driver involved in a collision. (See *People v. Tammen* (1968), 40 Ill. 2d 76, 78-79, 237 N.E.2d 517.) Although the instant ticket was verified, it was nevertheless drafted by a police officer "whose major responsibilities and training are along other lines." (*People v. Sikes* (1986), 141 Ill. App. 3d 773, 776, 491 N.E.2d 168, 171.) While the verification indicates that the officer had more time to formulate the ticket, all the other factors present in *Tammen* and its progeny are present here. We conclude that the verification does not remove the instant complaint from the *sui generis* status appropriately accorded misdemeanor traffic tickets.

## II

■ We next consider defendant's contention concerning the adequacy of the proof to support his conviction. Generally, on an appeal from a bench trial, the reviewing court will defer to the trial court's assessment of the witnesses' credibility and decline to substitute its judgment for that of the trial court unless there "clearly appears" to be a reasonable doubt of defendant's guilt. (*People v. Gray* (1976), 40 Ill. App. 3d 52, 54, 351 N.E.2d 339, 341.) It is undisputed that defendant left the scene of an accident without identifying himself. Defendant, however, maintains that his conviction must be reversed

because he relied on his wife's representation that she had exchanged identification with Koenig.

Defendant testified that when he returned to the scene of the accident, his wife told him that " '[e]verything is taken care of,' " but he admits that he did not know whether his wife gave Koenig his name, address, or any information whatsoever. Koenig denied that defendant's wife gave her any information. Defendant's wife claimed she identified herself, but she did not testify that she provided the "driver's name, address, registration number and [the name of the] owner of the vehicle" as is required by section 11—403 of the Code. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—403.) Although defendant's wife's testimony was partially corroborated by a waitress from a bar near the accident, the waitress' testimony was self-contradictory and inconsistent with defendant's testimony. The waitress also admitted that defendant's wife had baby-sat for her daughter before the accident, allowing the trial court to infer bias and accord her testimony less weight. We find the evidence sufficient to support defendant's conviction.

For the reasons stated above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.