THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
FRANK BORAS, Defendant-Appellee.

First District (1st Division)   No. 1—86—3402

Opinion filed March 19, 1990.

Cecil A. Partee, State's Attorney, of Chicago (Margaret M. Regan, Special Assistant State's Attorney, and Thomas V. Gainer, Jr., and James E. Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

In this appeal the State assigns error to a ruling of the circuit court of Cook County which dismissed the charge set forth in a traffic citation issued to defendant for lack of specificity. Defendant has not filed a brief in response to this assertion; however, we may consider the issue raised by the State under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record shows that at 4:15 a.m. on January 3, 1986, Chicago police officer Franklin Johnson observed defendant erratically driving his automobile on Lincoln Avenue and executed a traffic stop. After further investigation of the situation, Johnson cited defendant for driving under the influence of alcohol and failing to stay in the proper lane.

Several months before trial, defendant filed a motion *in limine* requesting that any evidence of tests conducted by police with regard to this incident, and their observation of him, be excluded from the trial. He also filed a motion to quash his arrest and suppress any resulting evidence as well as a motion to dismiss the case based on the finding of no probable cause which had been entered in the statutory summary suspension hearing. When the matter was called on October 30, 1986, the court asked if there were any motions. Defense counsel responded that he did not believe so, then informed the court that the defense would not be proceeding on the motions noted above.

At trial, Officer Johnson testified to the events which occurred on the morning of January 3, 1986, and led to the current charges against defendant. Johnson stated that he was driving on Lincoln Avenue behind defendant when he observed defendant weaving his car across the southbound lanes. Johnson activated his emergency lights and followed defendant into the parking area of a motel in the 5300 block of Lincoln Avenue, where he observed defendant step out of his car and stumble towards the police vehicle using his car as a support.

In the conversation which followed, Johnson detected a heavy odor of alcohol on defendant's breath, and further observed that his balance was unsure and that he had difficulty negotiating a turn. Johnson placed him under arrest for driving under the influence of alcohol, and at the station observed that his eyes were bloodshot and that it was difficult for him to walk up the stairs. When he told defendant to sit down, he also observed that defendant had difficulty and appeared to be unsure of where to turn. Johnson further stated that defendant refused to take the performance tests he requested and told him that he had been drinking beer at a bar. In the end, Johnson cited defendant for failing to stay in his own lane and driving under the influence.

During cross-examination, Johnson stated that he first observed defendant's vehicle in the 5700 block of Lincoln Avenue, and although it was snowing at the time, no snow had accumulated on the ground. He also stated that he and defendant were the only two persons driving on that road at that time, then acknowledged that defendant told him that he had hurt his knee some months ago, but without further detail regarding the nature of his injury.

Defendant testified that he is an owner of the motel in question, and about 2:45 a.m., left that place and drove to a bar at 5300 Lincoln Avenue, where he drank almost two beers. About 3:45 a.m. he drove back to the motel, and along the way noticed the officer behind him. Defendant stated that the officer had not activated his lights or other emergency equipment at that time, but when he drove into the parking lot, the officer ordered him to get out of his car. He then tendered his driver's license to the officer, who took his car keys away and told him that he was drunk.

With regard to his walking difficulties observed by the officer, defendant explained that he had broken his knee, and although the cast placed on it had been removed about five months before the incident, the knee continued to bother him and was doing so that morning. He later admitted, however, that this condition did not prevent him from driving. Defendant further stated that he understood what it meant to be "under the influence" and denied being in that condition that morning.

After both sides rested, the court invited the arguments of counsel. Defense counsel began with the assertion that the complaint was defective and failed to confer jurisdiction upon the court and must therefore be dismissed. As grounds for his assertion, counsel pointed out that the complaint did not contain a proper citation to the ordinance or statute that was allegedly violated, or apprise defendant of the crime he may have committed. In addition, he argued that the

"DWI" description of the violation was insufficient to state an offense. The State responded that the complaint well advised defendant of the charges against him, and although the officer failed to check the designated box for the proper charging authority, *i.e.*, *"People of the State of Illinois* or *City of Chicago,"* defendant knew the identity of the party-plaintiff, as well as the nature of the offenses set forth therein.

In rendering its decision the court focused on the content of traffic complaint W4—314—179. The court noted that neither of the boxes designating the party plaintiff had been checked, that the traffic conditions were not specified or were rendered ambiguous by lines appearing in that area, and that the offense was described only with the initials "DWI." The court determined that these cumulative deficiencies failed to properly inform defendant of the charge against him and granted defendant's motion to dismiss. In this appeal, the State takes exception to that ruling and requests that the order of dismissal be reversed.

■ Initially we observe that section 111—3(a) of the Code of Criminal Procedure of 1963 requires that a criminal charge be in writing, state the name of the offense, cite the statutory provision alleged to be violated, and set forth the nature and elements of the offense charged, the date and counts of the offense, and the name of the accused. (Ill. Rev. Stat. 1985, ch. 38, par. 111—3(a).) In the case at bar, defendant was charged by name in a verified traffic complaint with an offense which occurred about 4:15 a.m. on January 3, 1986, on Lincoln Avenue in Cook County. This offense was designated as a violation of "section 11—501A2" and described with the initials "DWI," but the complaint did not indicate whether this was a violation of a municipal ordinance or the Illinois Vehicle Code, nor designate the party-plaintiff. In dismissing the complaint on the basis of cumulative deficiencies, the court, in essence, found that the complaint failed to meet the requirements of section 111—3.

We note, however, that in a case dealing with the sufficiency of a traffic ticket, drag racing *vis-a-vis* reckless driving, the supreme court recognized:

> "Inasmuch as the Uniform Traffic Ticket is only used for misdemeanors, is written by an arresting officer rather than a State's Attorney and is generally written at the time the offense is committed, we believe that naming the offense and citing it is sufficient and will generally be understood by the person charged. Under section 111—6 [citation] the accused may request a bill of particulars which will enable him 'to prepare

his defense'. We hold that a conviction based on a Uniform Traffic Ticket naming an offense and citing the statutory provision, where there is no objection to the sufficiency of the ticket or request for a bill of particulars, will not be set aside for failure to comply with section 111—3(3)." *People v. Tammen* (1968), 40 Ill. 2d 76, 78-79, 237 N.E.2d 517.

■ Following that decision reviewing courts have found implicit in the court's ruling the requirement that any objection to the sufficiency of a uniform traffic ticket be made prior to trial. (*People v. Sikes* (1986), 141 Ill. App. 3d 773, 491 N.E.2d 168; *People v. Domovich* (1980), 91 Ill. App. 3d 870, 414 N.E.2d 290; see also *People v. Schultz* (1988), 173 Ill. App. 3d 738, 527 N.E.2d 984.) This conclusion reflects the court's recognition of the peculiar circumstances attendant to the issuance of traffic tickets, and the fact that they are drawn without the care and precision required in charging instruments alleging more serious offenses (see *People v. Brausam* (1967), 83 Ill. App. 2d 354, 227 N.E.2d 533; *Schultz*, 173 Ill. App. 3d 738, 527 N.E.2d 984), yet protect the rights of the accused in this narrow class of cases to demand the nature and cause of the accusation, and to be apprised of the nature and elements of the offense charged (*Domovich*, 91 Ill. App. 3d 870, 414 N.E.2d 290; see also *Tammen*, 40 Ill. 2d 76, 237 N.E.2d 517).

■ In the case at bar, defendant failed to raise the sufficiency of the charge set forth in the complaint prior to trial. Thus, under *Tammen* and its progeny (*Domovich*, 91 Ill. App. 3d 870, 414 N.E.2d 290; *People v. Askeland* (1988), 166 Ill. App. 3d 78, 519 N.E.2d 494; *Sikes*, 141 Ill. App. 3d 773, 491 N.E.2d 168), the traffic ticket must be considered sufficient and the circuit court's contrary decision erroneous.

■ Moreover, here, as in *Askeland*, it is clear that defendant knew precisely what charge he was required to defend, and, in fact, did so in the proper venue. (See *People v. Doherty* (1986), 139 Ill. App. 3d 1028, 487 N.E.2d 1227; Ill. Rev. Stat. 1985, ch. 95½, par. 16—102.) Although the offense was described in the complaint by the initials "DWI," and we are aware that abbreviations are not favored in criminal charges, they may be tolerated when they are not disputable, are well defined and well understood. (*People v. Allen* (1972), 8 Ill. App. 3d 176, 289 N.E.2d 467.) Applying that principle to the case at bar, we observe that drunken driving offenses are commonly referred to as "DWI" or "DUI," and are satisfied here that when the abbreviated description of the offense is read in conjunction with its designation as a violation of "Section 11—501A2," even though the Illinois Vehicle Code was not specified, that defendant was sufficiently

apprised of the charge against him and was able to prepare his defense. (See *People v. Atwell* (1984), 129 Ill. App. 3d 724, 473 N.E.2d 89.) In addition, we find our conclusion bolstered by defendant's pretrial motion *in limine* where defendant alleged, among other things, that he was issued a traffic citation for a violation of "Chapter 95½, section 11—501A2, Illinois Revised Statutes" and that the evidence in the probable cause hearing on the statutory suspension of his driving privileges revealed that the officer did not have probable cause to believe that he was driving "while under the influence of alcohol." (See *Askeland*, 166 Ill. App. 3d 78, 519 N.E.2d 494.) Thus, while the traffic complaint was not a work of art or precision (see *Doherty*, 139 Ill. App. 3d 1028, 487 N.E.2d 1227; *Atwell*, 129 Ill. App. 3d 724, 473 N.E.2d 89), and is not to be considered the model or norm, we find it clear on this record that defendant knew the charge against him and was able to prepare a defense to it; and, as a result, that the circuit court erred in its dismissal on the basis of the insufficiency of the charge. *Domovich*, 91 Ill. App. 3d 870, 414 N.E.2d 290; *Askeland*, 166 Ill. App. 3d 78, 519 N.E.2d 494; *Schultz*, 173 Ill. App. 3d 738, 527 N.E.2d 984.

The judgment of the circuit court of Cook County is therefore reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

CAMPBELL and O'CONNOR, JJ., concur.