THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN DOHERTY, Defendant-Appellant.

Fifth District   No. 5—85—0162

Opinion filed January 8, 1986.

Annette A. Eckert, of Belleville, for appellant.

John Clemons, State's Attorney, of Murphysboro (Stephen E. Norris, of State's Attorneys Appellate Service Commission, and Charles E. Petersen, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

The defendant, John Doherty, was convicted of driving under the influence of alcohol (Ill. Rev. Stat., 1984 Supp., ch. 95½, par. 11–501(a)(2)) by a jury in the circuit court of Jackson County. Defendant was fined $500. On appeal, defendant contends that Lawrence Eaton, a police officer with the Southern Illinois University (SIU) police department, was without authority to arrest him and that the traffic citation did not state an offense. We affirm.

■■ Officer Eaton observed defendant drive over a curb and accelerate rapidly after making a left turn. Officer Eaton had been checking the Washington Square Complex, in which the SIU police station is located on South Washington Street, when he observed defendant drive over the curb. Eaton then followed defendant on East Grand Street past the recreation center building and on to defendant's trailer. Having reviewed the record, this court can take judicial notice of the fact that Washington and Grand streets lie within the city of Carbondale and are in close proximity to the campus of SIU. (See *People v. Luigs* (1981), 96 Ill. App. 3d 700, 421 N.E.2d 961.) Further, in the case at bar, defendant's alleged activity was viewed in close proximity to SIU property, *i.e.*, the SIU police station.

Section 8(10) of the "Southern Illinois University Revenue-producing Buildings and Structures Act" (Ill. Rev. Stat. 1983, ch. 144, par. 658(10)) provides:

"*** Members of the Police Department [of Southern Illinois University] shall be conservators of the peace and as such have all powers possessed by policemen in cities, and sheriffs, including the power to make arrests on view or warrants of violations of state statutes, university rules and regulations

and city or county ordinances, except that they may exercise such powers only within counties wherein the university and any of its branches or properties are located when such is required for the protection of university properties and interests, and its students and personnel, and otherwise, within such counties, when requested by appropriate State or local law enforcement officials. However, such officers shall have no power to serve and execute civil processes."

■■ ■ The primary rule of statutory construction is to ascertain the intention of the legislature and then to give effect to it. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 469 N.E.2d 167; *People v. Sturlic* (1985), 130 Ill. App. 3d 120, 474 N.E.2d 1.) This court has previously ruled that members of the SIU police department are vested by statute with the duty to maintain peace on campus. Within their defined jurisdiction and subject to certain limitations, SIU police officers have the same powers of arrest as policemen in cities and county sheriffs. (*People v. Picha* (1976), 44 Ill. App. 3d 759, 358 N.E.2d 937.) We believe that the statute in question should be broadly construed to fulfill the legislative purpose of protecting students, staff and property of SIU by providing effective law enforcement personnel in addition to city, county and State police. Here, defendant's alleged conduct was observed by Officer Eaton in close proximity to SIU property, and Officer Eaton arrested defendant in the vicinity of the SIU campus. The foregoing events occurred within the confines of the city of Carbondale. We conclude that the trial court did not err in denying the motion to quash the arrest as being beyond the authority of Officer Eaton.

The traffic citation states in relevant part:

"Violation: Other   Driving While Under the Influence
             in violation of I.V.C.  X     IRS
         L.O.    Chap. Sec. Par. 95½—11—501(A)2."

The citation also alleged defendant's name, address and automobile description as well as the location and time of the offense.

The Code of Criminal Procedure of 1963 provides:

"Sec. 116—2. Motion in Arrest of Judgment.

(a) A written motion in arrest of judgment shall be filed by the defendant within 30 days following the entry of a verdict or finding of guilty. Reasonable notice of the motion shall be served upon the State.

(b) The court shall grant the motion when:

(1) The indictment, information or complaint does not charge an offense, or

(2) The court is without jurisdiction of the cause." Ill. Rev. Stat. 1983, ch. 38, par. 116—2.

Historically, a motion in arrest of judgment would·open the entire record and reach any defect apparent upon its face. In *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, our supreme court pointed out that of the ten grounds enumerated in section 114—1(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 114—1(a)) upon which an indictment, information or complaint may be dismissed upon allowance of a motion to dismiss made prior to trial, only two sections, sections 114—1(a)(6) and (8), would support a motion in arrest of judgment. The supreme court said:

"The legislative intent concerning the nonwaiver of the grounds for dismissal in sections 114—1(a)(6) and 114—1(a)(8) clearly was that even though not raised by pretrial motion they could be raised by motion in arrest of judgment. To that end section 116—2 of the Code of Criminal Procedure of 1963 provides that following a verdict or finding of guilty judgment may be arrested when:

'(1) The indictment, information or complaint does not charge an offense, or

(2) The court is without jurisdiction of the cause.' " *People v. Gilmore* (1976), 63 Ill. 2d 23, 28, 344 N.E.2d 456, 459; *People v. Lutz* (1978), 73 Ill. 2d 204, 210, 383 N.E.2d 171, 173.

In *People v. Utt* (1983), 122 Ill. App. 3d 272, 461 N.E.2d 463, the court held a uniform traffic citation charging defendant with "driving under the influence," which included reference to section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a)) prohibiting such offense insufficient to inform defendant of the charge against him because it did not specify the nature of the intoxicating substance that allegedly influenced him. The *Utt* court pointed out that section 11—501(a) had four subparagraphs. Two of the subparagraphs referred to being under the influence of any drug other than alcohol or being taken in combination with alcohol. Therefore, the statutory citation did not inform the defendant whether he was being charged with driving under the influence of alcohol, or of drugs, or a combination of the two.

■ As a general rule, a pleading is to be read as a whole and, where a statute is cited therein, the statute and charge are to be read together. (*People v. Phelan* (1981), 99 Ill. App. 3d 925, 426 N.E.2d 925.) In *People v. Atwell* (1984), 129 Ill. App. 3d 724, 473 N.E.2d 89, the complaint was in the form of the Uniform Illinois Citation and Complaint (Uniform Traffic Ticket) and charged defendant

with "driving under influence" and cited section 11—501(a)(2) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2)). The court ruled that the citation to 11—501(a)(2) was sufficient to inform defendant that he was being charged with driving under the influence of alcohol. The court noted:

> "Inasmuch as the Uniform Traffic Ticket is only used for misdemeanors, is written by an arresting officer rather than a State's Attorney and is generally written at the time the offense is committed, we believe that naming the offense and citing it is sufficient and will generally be understood by the person charged." *People v. Atwell* (1984), 129 Ill. App. 3d 724, 726-27, 473 N.E.2d 89, 91.

▆▆ In the case at bar, defendant was similarly charged as Atwell was charged. We find that the well-reasoned *Atwell* decision should be followed and that the traffic ticket in the case at bar is sufficient to state an offense. While it would have been better to have stated the offense as "Driving under the influence of alcohol," omission of the words "of alcohol" is not fatal to the charge of the offense. The case at bar is distinguishable from *Utt*, because there is no doubt which specific subparagraph defendant has been charged with violating. We note further that defendant appeared and defended the charge of "driving under the influence of alcohol." Defendant did not object that he was prejudiced by any failing on his part to understand the charge. It was not until after trial that defendant contested the sufficiency of the charge.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.

Affirmed.

HARRISON and KARNS, JJ., concur.