THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DONALD SMITH, Defendant-Appellee.

Fifth District No. 5—86—0167

Opinion filed September 18, 1987.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Julia M. Gentile, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE WELCH delivered the opinion of the court:

The State appeals from the order of the circuit court of Jackson County which dismissed a charge of driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(1)) against the defendant, Donald L. Smith.

Defendant filed a pretrial motion to quash defendant's arrest and suppress all evidence because Frank Eovaldi, a Southern Illinois University (SIU) police officer, did not have authority to issue the traffic citation. The court ordered the motion to be taken at trial.

On February 20, 1986, the case was called for trial. Jay Piazza testified that on December 13, 1985, at approximately 7:15 p.m. he observed a red Fiat in a ditch approximately three-quarters of a mile from the Southern Illinois University campus and defendant, who appeared to have passed out, sitting in the driver's seat. Another man asked Piazza to try to pull the Fiat out of the ditch with his pickup truck; however, Piazza's efforts were fruitless. A tow truck arrived and the vehicle's occupants argued with the tow truck operator; therefore, "the police" were called. Prior to the police arriving, approximately 10 beer cans were removed from the Fiat, and defendant, who had unsuccessfully tried to start the Fiat, got out of the car and fell in the ditch. Piazza further testified that "quite a few" SIU students live in two trailer parks in the area near the scene of the accident although the location is outside of the city of Carbondale and SIU did not have buildings or other property in the area. The trailer parks are not affiliated with the university and nonstudents also live there.

Frank Eovaldi, a police officer for Southern Illinois University at Carbondale, testified that on December 13, 1985, at approximately 7:25 p.m., he was dispatched by the SIU police department to assist Charlie Bonds, an employee of Jim's Towing Service, who had requested assistance. When he arrived on the scene, Officer Eovaldi observed the defendant standing near a small vehicle, which was on its side in a ditch, as well as Bonds and his wrecker. Eovaldi detected a strong odor of alcoholic beverages on defendant, who was swaying back and forth and who failed to produce a driver's license; therefore, Eovaldi placed defendant under arrest for driving under the influence of alcohol (DUI). Defendant was taken to the SIU police department and issued a traffic citation for DUI.

At the time Eovaldi received the dispatch he was not patrolling Warren Road, the street by the accident scene, and he had no indication that SIU personnel were involved. Defendant, the other occupants of the Fiat, and Bonds are not affiliated with SIU. No SIU property is in the immediate vicinity. The SIU campus is approximately one mile from the accident scene. Although Eovaldi had previously received instructions to assist other police agencies, the dispatch to assist Bonds was not at the request of another agency.

In granting the motion to quash and dismissing the charge against defendant, the court stated:

"I have the opinion in [People v.] Dogherty [*sic*] [(1986), 139 Ill. App. 3d 1028, 487 N.E. 2d 1227] and I think the opinion in Dogherty [*sic*] is very clear that the Appellate Court, Fifth District has ruled on the jurisdictional powers of Southern Illinois University police officers and it said the statute should be broadly construed to fulfill the legislative purposes protecting the students, staff and property of SIU. There is no indication in this case that any student, staff or property of SIU was being protected. Dogherty [*sic*] occurred within the city limits of Carbondale adjacent to SIU property. This officer has testified that as far as he knows there is no SIU property there. According to the statute, SIU officers may also assist when requested by appropriate state or local law enforcement officials. There is no evidence in this record that there was a request by anybody."

Section 8 (10) of "An Act providing for the management, operation, control and maintenance of Southern Illinois University" (Ill. Rev. Stat. 1985, ch. 144, par. 658(10)) provides:

"Members of the [Southern Illinois University] Police Department shall be conservators of the peace and as such have all powers possessed by policemen in cities, and sheriffs, including the power to make arrests on view or warrants of violations of state statutes, university rules and regulations and city or county ordinances, except that they may exercise such powers only within counties wherein the university and any of its branches or properties are located when such is required for the protection of university properties and interests, and its students and personnel, and otherwise, within such counties, when requested by appropriate State or local law enforcement officials. However, such officers shall have no power to serve and execute civil processes."

■■ The primary rule of statutory construction is to ascertain the intention of the legislature and then give effect to it. We believe that the statute in question should be broadly construed to fulfill the legislative purpose of protecting students, staff and property of SIU by providing effective law enforcement personnel in addition to city, county and State police. (*People v. Doherty* (1986), 139 Ill. App. 3d 1028, 1030, 487 N.E. 2d 1227, 1228.) In *People v. Picha* (1976), 44 Ill. App. 3d 759, 358 N.E. 2d 937, this court ruled that members of the SIU police department are vested by statute with the duty to maintain peace on the campus, and within their defined jurisdiction and subject to certain limitations, SIU police officers have the same powers of arrest as policemen in cities and county sheriffs.

In *People v. Doherty* (1986), 139 Ill. App. 3d 1028, 487 N.E. 2d 1227, defendant contended on appeal that Lawrence Eaton, a police officer with the SIU police department, was without authority to arrest him for driving under the influence of alcohol. Officer Eaton observed Doherty drive over a curb and accelerate rapidly after making a left turn. Officer Eaton had been checking the Washington Square Complex, in which the SIU police station is located on South Washington Street, when he observed defendant drive over the curb. Eaton then followed Doherty on East Grand Street past the recreation center building and on to defendant's trailer. In holding that Eaton had authority to arrest Doherty, this court noted that defendant's misconduct was observed by Eaton, occurred within the city of Carbondale, and was in close proximity to the SIU campus.

 In the case at bar, defendant's misconduct occurred outside the city limits of Carbondale, approximately one mile from the SIU campus, and out of the sight of Officer Eovaldi. The record does indicate, however, that SIU students lived near the accident scene in two trailer parks. In order to fulfill the legislative purpose of the statute to protect SIU students, this court finds that the statute in question allows the SIU police the authority to keep drunk drivers off the road by arresting them where SIU students are found in counties "wherein the university or properties are located." We note the authority of the SIU police is not limited to the campus or property of SIU. This court further finds that under the facts of this case it is immaterial that Officer Eovaldi did not personally observe defendant driving the Fiat under the influence of alcohol, because Eovaldi quickly came to the scene and saw defendant in the intoxicated condition and defendant had shortly before Eovaldi's arrival attempted to drive from the scene; therefore, if Eovaldi had not arrested defendant, defendant might have resumed his travels, and if defendant was intoxicated, as alleged by the State, his alleged condition could have threatened harm to SIU students due to defendant's intoxicated condition. Therefore, the order of the circuit court of Jackson County is reversed and this cause is remanded for further proceedings.

A certificate of impairment (107 Ill. 2d R. 604(a)(1)) need not be filed in the case at bar, as the defendant contends, as the circuit court of Jackson County dismissed the charge against the defendant. In any event, a certificate of impairment has been filed by the State.

Reversed and remanded.

KASSERMAN and LEWIS, JJ., concur.