THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHANNON A. McCLURG, Defendant-Appellant.

Fourth District   No. 4—89—0692

Opinion filed March 8, 1990.

Paul R. Wilson, Jr., of Wilson & Lanto, P.C., of Rantoul, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Shannon Ann McClurg, defendant, appeals from the judgment of conviction entered by the circuit court of Champaign County after a jury found her guilty of driving while under the influence of alcohol (DUI). (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2).) Defendant was sentenced to intensive probation for a period of 12 months, and was ordered to pay a fine of $100, court costs of $114, and $25 per month as a supervision fee. The conditions of defendant's probation included performance of 300 hours of public service work during the first 10 months of probation, refraining from the consumption of alcohol, 30 days' home confinement, and abiding by a curfew set by the personnel of the Probation Supervision Program of the Champaign County Court Services Department.

The first issue to consider on appeal is whether defendant's "motion in arrest of judgment" should have been granted by the trial court. The defendant was originally issued a uniform traffic citation on April 1, 1989, alleging that she was "driving under the influence" in violation of section 11—501 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501). However on June 9, 1989, four days before trial, the State filed an information alleging the defendant was DUI in violation of section 11—501(a)(2) of the Code. The record reflects, however, that the information was first brought to defendant's attention on June 13, 1989, the day the hearing of this matter commenced, and at which time defendant was arraigned on the information.

The record does not disclose defendant filed a formal motion in arrest of judgment. Instead, defendant merely questioned at the

hearing whether the State was filing a new charge against defendant. The trial court refused to answer the question. However, a complaint which fails to allege an offense is void and may be attacked at any time, even on appeal. (*People v. Heard* (1970), 47 Ill. 2d 501, 266 N.E.2d 340.) Therefore, the issue herein raised by defendant will be considered on appeal.

The State contends the filing of the information clarified the allegation in the citation and cured any defect therein. The defendant, on the other hand, argues the citation is void because it fails to state a cause of action, and therefore, the substantive amendment thereto in the information is also void.

■ A complaint which does not set forth the essential elements of an offense fails to state an offense and does not sufficiently notify an accused of the charges against her. A charge which fails to state an offense cannot support a judgment. *People v. Smith* (1984), 99 Ill. 2d 467, 459 N.E.2d 1357; *People v. Leach* (1972), 3 Ill. App. 3d 389, 279 N.E.2d 450.

■ In *People v. Ziltz* (1983), 98 Ill. 2d 38, 455 N.E.2d 70, the Illinois Supreme Court pointed out that the subsections of section 11—501(a) of the Code are separate statutory offenses, referring specifically to driving with a blood-alcohol level of 0.10 (section 11—501(a)(1) of the Code) and DUI (section 11—501(a)(2) of the Code). Relying on *Smith* and *Ziltz*, the appellate court in *People v. Utt* (1983), 122 Ill. App. 3d 272, 461 N.E.2d 463, decided that where a uniform traffic citation alleged simply that defendant was "driving under the influence," the charge was not sufficient, requiring a reversal of that conviction.

Prior to *Utt*, the Illinois Supreme Court decided *Heard*, in which the court reasoned as follows:

"Here, the complaint lacked the necessary certainty to charge an offense and therefore it was void and vulnerable to attack at any time. [Citations.] The State cannot properly invoke section 111—5 of the Code of Criminal Procedure which permits the amendment of a complaint, information or indictment for formal defects because here the defect is fundamental and the complaint void. (See *People v. Billingsley*, 67 Ill. App. 2d 292[, 213 N.E.2d 765].) It is true that section 111—5 includes pleading in the disjunctive as an example of a formal defect, but from what we have said it is clear that the legislature was speaking of instances where the use of the disjunctive created but a formal error. The section was not intended to permit the State to vivify a void charge." (*Heard*, 47 Ill. 2d at 505, 266

N.E.2d at 343.)

In *People v. Tucker* (1971), 131 Ill. App. 2d 598, 598-99, 268 N.E.2d 191, 191-92, the following decision was made:

"A jury found defendant guilty of driving a motor vehicle while under the influence of intoxicating liquor. He was fined $100.00 and his driver's license was revoked. Defendant appeals from the judgment on the verdict and initially contends that the complaint fails to charge a violation of law.

The complaint charged that defendant drove a motor vehicle upon a public highway in violation of Section 47 of the Uniform Act Regulating Traffic on Highways, Ill. Rev. Stat., ch. 95½, §144 (1965) by 'driving under the influence.'

In *People v. Stringfield* (1962), 37 Ill. App. 2d 344, 346[, 185 N.E.2d 381, 383,] this court stated:

'This section of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stat. (1961), c[h.] 95½, § 144) states that it is unlawful for any person who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle within this state. "Driving under the influence" does not describe either of these offenses.[']

This court further stated at page 348[, 185 N.E.2d at 383]:

'The information was void and the conviction must be reversed.'

The People move that this court allow an amendment of the complaint by furnishing the phrase 'of intoxicating liquor,' and for authority cite *People v. Sirinsky*, 47 Ill. 2d 183[, 265 N.E.2d 505]. In *Sirinsky*, the court observed that the caption of the complaint was amended in this court on oral argument to reflect that the People of the State of Illinois, rather than the Municipality of Evanston was the complainant. In the case at bar the sought after amendment pertains to a substantive rather than formal amendment. In *People v. Billingsley* (1966), 67 Ill. App. 2d 292, [213 N.E.2d 765,] this court expressed language pertinent to the case at bar. At page 301[, 213 N.E.2d at page 770,] we said:

'Section 111—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1963, c[h.] 38, par. 111—5) authorizes amendment at anytime because of formal, but not substantive, defects in an indictment, information or complaint. See *People v. Hall* (4th Dist. 1964), 55 Ill. App. 2d 255, 259, 204 N.E.2d 473. However, the complaint in the case at bar was defective in a substantive matter in that it did not allege a criminal of-

fense. It was not amended in the trial court and we deem it improper to reverse and remand for that purpose. In view of our determination that the complaint was fatally defective, it is improper to remand the cause for the futility of a new trial (*People v. Minto* (1925), 318 Ill. 293, 296, 149 N.E. 241[, 242-43]), and we need not consider the other errors assigned herein.'

We reverse the judgment." *Tucker*, 131 Ill. App. 2d at 598-99, 268 N.E.2d at 191-92.

In support of the State's argument, the case of *People v. Rentsch* (1988), 167 Ill. App. 3d 368, 521 N.E.2d 213, is cited for the proposition that the information properly stated the charge against the defendant and therefore the trial court properly denied defendant's motion in arrest of judgment. However, *Rentsch* did not discuss the amendment to a complaint which failed to properly allege an offense. Instead, *Rentsch* decided that where the indictment properly alleged the elements of the offense of unlawful possession of controlled substance, the fact that the charge did not specify whether defendant was being prosecuted for the cocaine in his pocket, or the PCP in the back room of the record shop he leased and operated, did not render the indictment defective where defendant had filed a motion for a bill of particulars, the motion had been granted, and the State provided a 149-page written response.

█ The most recent cases on this subject have distinguished charges brought in a formal complaint, indictment, or information from those made in a uniform traffic citation. In *People v. Doherty* (1986), 139 Ill. App. 3d 1028, 487 N.E.2d 1227, *Utt* was distinguished. In *Doherty* the uniform traffic citation alleged defendant was driving under the influence in violation of section 11—501(a)(2). Reading the charge to include the cited subsection of the statute, the *Doherty* court found the traffic citation to be sufficient and distinguished *Utt* wherein the uniform traffic citation merely referred to "section 11—501(a)" of the Code. *Doherty* quotes *People v. Atwell* (1984), 129 Ill. App. 3d 724, 726-27, 473 N.E.2d 89, 91:

" 'Inasmuch as the Uniform Traffic Ticket is only used for misdemeanors, is written by an arresting officer rather than a State's Attorney and is generally written .at the time the offense is committed, we believe that naming the offense and citing it is sufficient and will generally be understood by the person charged.' " *Doherty*, 139 Ill. App. 3d at 1032.

In *People v. Cummings* (1988), 176 Ill. App. 3d 293, 530 N.E.2d 672, without providing any insight as to the specific charge made in

the traffic citation, the court decided:

> "Additionally, we find unpersuasive the defendant's contention that the charging instrument was confusing because it did not indicate whether he was being charged with driving a vehicle while intoxicated or with being in actual physical control of a vehicle while intoxicated. Traffic offenses need not be charged with the specificity of indictments; naming the offense and citing the statute are generally sufficient. (*People v. Clark* (1977), 47 Ill. App. 3d 568, 362 N.E.2d 407.) The complaint here was sufficient to charge the offense for which the defendant was convicted. For the above reasons, we conclude that the defendant was properly convicted of driving while under the influence of alcohol." (*Cummings*, 176 Ill. App. 3d at 298, 530 N.E.2d at 676.)

And in *People v. Askeland* (1988), 166 Ill. App. 3d 78, 519 N.E.2d 494, it was decided that the allegation in a traffic ticket of "driving under the influence," without reference to alcohol, was sufficient to apprise the defendant of the charges against her where the pretrial motions indicated she knew of the charge against her.

In the case at bar, defendant was apprised of the charges against her, if not by the uniform traffic citation, then surely by filing of the information prior to trial. If defendant was surprised by this, defendant could have requested a continuance, but did not. We are left with the impression, therefore, that defendant was not surprised by the allegation, but was alerted to a possible argument against the complaint by the filing of the information. Defendant does not argue a violation of the constitutional right to due process, and therefore, this court need not discuss that possibility.

■ Public policy and the law have changed since *Utt*. Now, in DUI cases, there is an overriding policy to protect the public from drunk drivers. Therefore, less strictness is required of the traffic citations now than was the case at the time of *Utt*. In LaFave and Israel on Criminal Procedure (2 W. LaFave & J. Israel, Criminal Procedure §19.2, at 437 (1984)), it is indicated that a shift in public policy occurred in the United States such that courts would not allow guilty individuals to escape punishment by arguing the defendant could not comprehend what is palpable and evident to everyone else in the exercise of common sense.

■ As a result, we hold that the uniform traffic citation in this case sufficiently apprised defendant of the charges against her such that she could defend herself and it was not void for failure to properly allege an offense. Moreover, since the original traffic citation was

not void, the State's amendment by information was also not void.

■■ Also, before trial, the defendant asked the trial court to appoint a special prosecutor because the aforementioned information was verified by Richard J. Black, the assistant State's Attorney prosecuting the case. Defendant argues that, by doing so, Black indicated he had personal knowledge of the facts alleged and Black was, therefore, a material witness in the case. Merely because the State's Attorney signed the affidavit on an information does not in any way establish that the State's Attorney is a material witness in the case. Even though a State's Attorney does not know of the facts to his own personal knowledge, the State's Attorney may verify the information based on his knowledge of the facts derived from others which satisfies him of the existence of the facts. (*People v. Kennedy* (1922), 303 Ill. 423, 135 N.E. 762.) The trial court properly denied defendant's motion to appoint a special prosecutor.

The next question to consider is whether the failure of the trial court to provide a court reporter during *voir dire* denied defendant her right to due process. The trial judge advised defendant in open court that there were not enough court reporters to make one available during jury selection. However, the trial judge also indicated that a court reporter would be available at a later time so that a record could be made.

■■ ■ The defendant recognizes that it is her duty, as appellant, to provide the reviewing court with a record of proceedings. She argues, however, that the failure to provide a court reporter deprived her of the ability to preserve her objections for review. This simply is not so. The Illinois Supreme Court rules clearly provide alternative methods for preserving the record where no verbatim transcript is available. (107 Ill. 2d Rules 323(c),(d).) Defendant submitted neither a bystander's report nor agreed statement of facts. Therefore, defendant has waived any argument concerning the sufficiency of the record and the propriety of the trial court's rulings during *voir dire*. See *People v. Gregorich* (1979), 71 Ill. App. 3d 251, 389 N.E.2d 619.

■■ ■ Next, we consider whether defendant was proved guilty beyond a reasonable doubt. Under the decision of *Jackson v. Virginia* (1979), 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781, in determining whether the elements of the charged offenses have been proved beyond a reasonable doubt, the reviewing court need only examine the record, viewing the evidence in the light most favorable to the prosecution, with the objective of deciding whether any rational trier of fact could have found the essential elements of the offenses to have been proved beyond a reasonable doubt. Every reasonable hypothesis

of innocence need not be excluded to sustain the conviction. It is the function of the trier of fact to weigh the credibility of witnesses and to resolve conflicts or inconsistencies in the testimony, and the reviewing court will not retry the defendant. See *People v. Eyler* (1989), 133 Ill. 2d 173.

Viewing the evidence in its aspects most favorable to the State, it is obvious that a rational trier of fact could have found the essential elements of driving while under the influence of alcohol and, thereby, found defendant to have been proved guilty beyond a reasonable doubt. City of Champaign police officer Jerry Gamble testified he was on duty in his patrol car on April 1, 1989, at approximately 12:25 a.m. at the intersection of Fourth and Springfield in Champaign, when he observed the defendant's automobile speed through a red light without stopping. The officer followed the defendant's vehicle and activated his red light. The defendant angled her vehicle into a parking lot on the opposite side of the street, gradually crossing oncoming lanes of traffic. After stopping her vehicle, she exited. In doing so, she used the side of her car for balance as she walked to the rear of her car. Gamble stated, "She was very wobbly on her feet, didn't have any balance. Her steps were exaggerated."

According to Gamble, the defendant was very talkative and carefree in their conversation. Her speech was slurred and confused. She would switch topics during the conversation, volunteering information without any questions being asked. The defendant approached Gamble so that they were closer than the normal conversational distance. At this time, Gamble smelled an alcoholic odor on the defendant's breath.

The defendant asked Gamble why he stopped her. He told her it was for running a red light. The defendant then said, "Oh, yeah, I guess so," and did not seem concerned about it. Gamble testified that shortly after stopping the defendant, but before arresting her, the defendant admitted that she had been drinking. The defendant was given three field-sobriety tests, and failed all three. It was Gamble's opinion that defendant was under the influence of alcohol, based on his experience and observations of defendant. The defendant did advise Gamble she had taken medication, identified as "Diocloxide," within six hours of her stop.

City of Champaign police officer Christopher Wagner testified he was called to assist Gamble in the stop of the defendant on April 1, 1989, at approximately 12:25 a.m. Wagner testified he could smell a moderate amount of alcohol on the defendant's breath while standing three to four feet away from her. Wagner testified the defendant's conversation "jumped from one topic to another." Wagner corrobo-

rated the defendant having failed the field-sobriety tests, and he noted her speech was slurred and rambling. Wagner, too, opined that defendant was under the influence of alcohol.

Kathleen Snorewicz, the 19-year-old passenger in defendant's vehicle, admitted she and defendant had been drinking, but denied defendant was under the influence of alcohol. She stated she observed defendant have only one drink. No evidence was presented concerning the behavioral effects from taking the medication, "Diocloxide." Based on this evidence, defendant was clearly proved guilty beyond a reasonable doubt.

The remaining issue to consider is whether defendant was deprived of a fair trial by prosecutorial misconduct. The examples of prosecutorial misconduct relied on by defendant are these: (1) the prosecutor was allowed to ask leading questions of witnesses and on redirect examination to read police reports to witnesses to determine the contents of police reports, without utilizing the proper procedures for refreshed recollection on past recollection recorded; (2) the prosecutor was allowed to ask witnesses to testify concerning another person's state of mind; and (3) the cumulative effect of these errors and the 30 additional objections, although sustained, prejudiced defendant in the minds of the jurors, particularly where the prosecutor repeated questions after the objections were sustained.

■■ ■ Without laboriously quoting every portion of the record to which defendant refers in her brief, we can assure the parties that the transcript has been reviewed and no prosecutorial misconduct has been discovered. Where defense counsel objected to the form of the question or lack of foundation, or some similar objection, and the objection was sustained, the prosecution either rephrased the question or moved on to a different subject. Where the police officer was questioned on redirect as to what was included in the police report, this line of questioning was in response to and invited by the cross-examination by defendant on the subject of what was omitted from the police report. Furthermore, considering the evidence and the fact this is not a close case, any error which might arguably have occurred with regard to the redirect examination concerning police reports was harmless beyond a reasonable doubt.

Accordingly, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

LUND and GREEN, JJ., concur.