THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JUAN BOLAR, Defendant-Appellant.

Third District   No. 3—90—0868

Opinion filed February 18, 1992.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee, and Howard Wertz, of Lynwood (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

A jury convicted the defendant, Juan Bolar, of unlawful delivery of a controlled substance and unlawful delivery of a controlled substance without a tax stamp (Ill. Rev. Stat. 1989, ch. 56½, par. 1401; ch. 120, par. 2155). The trial court sentenced him to seven years in prison. Bolar appeals. We affirm in part and vacate in part.

The record shows that State witness Tyrone Harrell worked as a paid informant for police officer John Gerard. Harrell testified that he called Bolar and told him he wanted to purchase an "eight" of cocaine. They arranged to meet at Pioneer Park later the same day. Before the meeting Harrell met with Lt. Gerard, who searched Harrell and "wired" him with a transmitter. Harrell testified he then went to Pioneer Park, where he met Bolar, and they both decided to move to Hobby Heights Park. When the two met there, Harrell gave Bolar $200 in exchange for two "sixteenth" bags of a white substance. Harrell next met with Lt. Gerard and gave him the substance he had purchased. Harrell testified he was a drug dealer. Also, Harrell admitted that he had made a deal with the State for reduced charges on pending criminal matters.

Lt. Gerard testified he searched and "wired" Harrell before his meeting with Bolar. He then followed Harrell to Pioneer Park, where he witnessed some type of transaction between Bolar and Tyrone Hill. The record shows the defendant objected to this remark. The trial court sustained the objection and instructed the jury to disregard the remark.

Lt. Gerard testified he followed Harrell and Bolar to Hobby Heights Park. Once there, he observed Harrell with Bolar and saw both of them engage in some type of hand movement. Shortly thereafter, he met with Harrell, who gave him two bags, neither of which bore a tax stamp. At trial it was stipulated the bags contained cocaine.

Darryl Williams testified on Bolar's behalf. He stated he was with Harrell on the day in question and never saw him engage in any transaction with Bolar. Finally, the record reflects that during its closing argument the State repeatedly called Bolar a "drug dealer." Bolar objected to the comments; however, his objections were overruled by the trial court.

Bolar first argues on appeal that he was denied a fair trial because the State, in closing argument, repeatedly called him a "drug dealer." Additionally, the State elicited testimony regarding a transaction between Bolar and Tyrone Hill. Bolar contends all of these statements constituted inadmissible evidence of other crimes.

It is well established that a prosecutor has great latitude in making closing arguments, and absent a clear abuse of discretion, the trial court's determination as to the propriety of the comments will not be disturbed. (*People v. Barkauskas* (1986), 147 Ill. App. 3d 360, 497 N.E.2d 1183.) Arguments based on facts or reasonable inferences therefrom are within the scope of proper argument even if they reflect unfavorably on the accused. As such, it is not improper for the prosecutor to reflect unfavorably on the defendant if such comments are based on competent and pertinent evidence. (*People v. Lee* (1986), 151 Ill. App. 3d 510, 502 N.E.2d 399.) A dealer is one who purchases goods for resale to a final customer. Black's Law Dictionary 399 (6th ed. 1990).

■ Here, we do not find the trial court abused its discretion in allowing the State to call Bolar a drug dealer. Initially, we note the State's comments were proper since they were based on competent and pertinent evidence. In addition, the comments did not constitute inadmissible evidence of other crimes since an individual who sells drugs is a drug dealer even if he has sold drugs on only one occasion. Based on the facts of this case, we find the trial court did not abuse its discretion when it allowed the State to classify Bolar as a drug dealer.

■ Bolar next contends that his conviction for unlawful delivery of a controlled substance should be vacated because he was prejudiced by the testimony of Lt. Gerard, who suggested that Bolar had engaged in other drug deals. Any prejudice in the introduction of testi-

mony regarding evidence of other crimes committed by a defendant is generally cured by sustaining an objection and instructing the jury to disregard the statement. (*People v. Sledge* (1989), 183 Ill. App. 3d 1035, 539 N.E.2d 1312.) The record clearly reflects that Bolar immediately objected to Lt. Gerard's comment about a "transaction" between Bolar and Tyrone Hill. The trial court sustained the objection and instructed the jury to disregard the statement. Accordingly, we find the error was cured.

Additionally, even assuming the complained-of remarks were improper, we would find them harmless since the evidence overwhelmingly supported the jury's finding of guilt. (*People v. Tiller* (1982), 94 Ill. 2d 303, 447 N.E.2d 174.) Tyrone Harrell testified that Bolar sold him drugs. Also, Lt. Gerard testified he searched Harrell for drugs prior to Harrell's meeting with Bolar. Lt. Gerard further testified that he observed Harrell and Bolar engage in some sort of exchange, and shortly thereafter Harrell delivered to him the drugs Bolar had sold him. Under these circumstances, we do not believe the prosecutor's remarks made any difference in the outcome of the case. Therefore, we affirm Bolar's conviction for unlawful delivery of a controlled substance.

Bolar argues that this court should vacate his conviction for unlawful delivery of a controlled substance without a tax stamp. Specifically, he contends the conviction is barred by the principle of "one act, one crime." In other words, Bolar claims that both of his convictions were based on his single act of delivering drugs.

It is well-settled law that multiple convictions based upon the same physical act or acts cannot stand. (*People v. Ellis* (1986), 143 Ill. App. 3d 892, 493 N.E.2d 739.) The record shows that count I of the indictment alleged that Bolar had unlawfully delivered cocaine to an informant. Count II alleged that he had made that delivery without the requisite tax stamp in violation of the Cannabis and Controlled Substances Tax Act (Act) (Ill. Rev. Stat. 1989, ch. 120, par. 2151 *et seq.*).

■ ■ We acknowledge that at first glance the charging instruments appear to be based on Bolar's single act of delivering a drug. However, we find this appeal actually involves the violation of two separate and distinct statutes through two separate and distinct acts. An individual is guilty of unlawful delivery when he delivers, or intends to deliver, a controlled substance to another person. (Ill. Rev. Stat. 1989, ch. 56½, par. 1401.) However, a dealer is guilty of failing to obtain a tax stamp when he merely possesses any controlled substance upon which a tax is imposed and he has not paid the tax and

has not affixed the necessary tax stamp. Ill. Rev. Stat. 1989, ch. 120, par. 2155.

As such, Bolar was guilty of unlawful delivery when *he delivered* the cocaine to Harrell. Also, he was guilty of violating the Act when *he merely possessed* the cocaine without obtaining the necessary tax stamp. Therefore, since Bolar's convictions were based on separate acts we do not find that his convictions violate the principle of "one act, one crime."

■ We further find that Bolar was not prejudiced by the use of the word "delivered" in the tax stamp charge. While a person can possess something without delivering it, he cannot deliver it without possessing it. Therefore, when the jury found Bolar "delivered" the cocaine, it also necessarily found that he possessed it. We note in this regard that despite the wording of the charge, it is clear from the record that Bolar understood the nature of the offense charged and prepared his defense accordingly. See *People v. Doherty* (1986), 139 Ill. App. 3d 1028, 487 N.E.2d 1227.

■ Bolar's final argument on appeal is that his $240 "street value" fine should be eliminated. Specifically, he contends that he is entitled to a $5-a-day credit for each day of his pretrial incarceration. (See Ill. Rev. Stat. 1989, ch. 38, par. 110—14.) The State concedes, and we agree, that Bolar's fine should be eliminated since the record clearly indicates he was in custody for 60 days prior to his trial and sentencing.

The judgment of the circuit court of Kankakee County is affirmed in part and vacated in part.

Affirmed in part; vacated in part.

BARRY, P.J., and GORMAN, J., concur.